GORDON E. R. TROY, PC
Gordon E. R. Troy
P.O. Box 67
Windsor, VT 05089
(802) 881-0640
office@webtm.com

*Attorneys for Plaintiff Skiology, LLC.*

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| Skiology, LLC<br><br>　　　　　　　　　Plaintiff,<br><br>- against -<br><br>Matthew Bramble, individually and doing business as "Skiology Matt"<br><br>　　　　　　　　　Defendant. | Case No. 2:23-cv-26<br><br>**COMPLAINT** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATIONS OF ORIGIN, UNFAIR COMPETITION AND CYBERSQUATTING

Plaintiff Skiology, LLC, through its attorneys, Gordon E. R. Troy, PC, complaining of Defendant Matthew Bramble, individually and doing business under the assumed name, "Skiology Matt" (hereinafter "Defendant"), alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for (a) injunctive relief under the Lanham Act, 15 U.S.C. § 1125(a), and common law based on Defendant's unlawful adoption and use of the mark

SKIOLOGY, which Plaintiff adopted and has used uninterruptedly since 2014; and (b) for relief under the Lanham Act, 15 U.S.C. § 1125(d)(1)(A) (the "Anticybersquatting Consumer Protection Act," hereinafter the "ACPA"), based on Defendant's unlawful and ongoing registration of the domain name, www.skiology.com (the "Infringing Domain"). Plaintiff seeks an order requiring Defendant to transfer the Infringing Domain name to Plaintiff.

## THE PARTIES

2.      Plaintiff Skiology, LLC, is a limited liability company organized and existing under the laws of the State of Vermont, with its principal address at 937 Killington Road, Killington, VT 05751.

3.      Upon information and belief, Defendant Bramble is an individual residing at 1429 Via Del Mar, Niskayuna, NY 12309-4319.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction over the Lanham Act claims in this action is conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5.      This Court has personal jurisdiction over Defendant, who transacts business in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendant does business in this judicial district and/or a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

7.  Plaintiff is in the business of selling skiing equipment, apparel, and accessories, as well as providing "ski tuning" services.

8.  Plaintiff's large signs bearing Plaintiff's SKIOLOGY mark are easily seen by anyone driving to and from the Killington Resort, which is located on the Killington access road, 3.6 miles away. Pico Resort is only 3 miles away.

9.  On July 6, 2014, Plaintiff created a Facebook page for its anticipated store bearing Plaintiff's SKIOLOGY mark (www.facebook.com/SkiologyVT).

10. On July 21, 2014, Skiology, LLC, was formed.

11. On November 6, 2014, Plaintiff Created its website, www.skiologyskiandsports.com. At the time, www.skiology.com was owned by a Canadian company.

12. On November 20, 2014, Plaintiff's store opened for business.

13. Plaintiff first learned of Defendant's use of Plaintiff's SKIOLOGY mark on September 18, 2019, when a friend informed Plaintiff that a Facebook group (www.facebook.com/groups/NortheastSkiology/) which posts weather forecasts for the Northeast just renamed themselves "skiology."

14. According to Facebook, Defendant created "Northeast Skiology Group" on October 15, 2018, changed the name that same day to "Northeast Winter Weather & Ski Conditions," changed the name to "Northeast Skiology Group" on September 12, 2019, and again changed the name, this time to "SKIOLOGY Community" on October 14, 2022.

15. Defendant's "SKIOLOGY Community" posts also appear on two other Facebook pages belonging to Defendant, https://www.facebook.com/groups/skiologycommunity/ and https://www.facebook.com/groups/NESkiWeather.

16. Defendant's Facebook group had been providing, and continues to provide, weather forecasts and slope conditions expressly for ski resorts in the Northeast, including Killington and Pico.

17. Upon information and belief, Defendant also maintains the following social media accounts:

   a. www.facebook.com/SkiologyWx, @SkiologyWx, "Skiology Weather & News," created on April 25, 2019, with an initial post on September 12, 2019);

   b. a Twitter account (https://twitter.com/SkiologyWx, "Skiology Weather & News"), created in March 2020; and

   c. an Instagram account (https://www.instagram.com/SkiologyWx/, "Skiology Weather & News"), created on February 5, 2021).

18. In or around September 13, 2019, Defendant established a Patreon page (www.patreon.com/skiology) titled "SKIOLOGY weather – conditions – community," to raise money for himself or his activities. (Patreon is an online platform that facilitates monthly donations from followers.)

19. Members of Defendant's Patreon account were and still are offered discounts on merchandise bearing Plaintiff's SKIOLOGY mark.

20. Upon information and belief, in or around late 2019, Defendant purchased the

Infringing Domain.

21. Upon information and belief, in or around August 2020, Defendant (a) set up a "Skiology Shop" on the Infringing Domain to sell stickers, hats, shirts, and other merchandise; and (b) began soliciting contributions on the Infringing Domain, purportedly accepting PayPal, Mastercard, Visa, Amex, and Discover.

22. Upon information and belief, in or around late 2019 or early 2020, Defendant also began referring to himself as "Skiology Matt." On February 5, 2020, he created the Facebook page, www.facebook.com/SkiologyMatt (@SkiologyMatt, "Skiology Matt") and at some point he also created www.instagram.com/skiology.matt/

23. Beginning in or around 2021,

   a. Plaintiff began to receive frequent complaints from customers and potential customers that they had not received the stickers, t-shirts, and other merchandise that they had purchased online – merchandise they had ordered from Defendant;

   b. Customers of Plaintiff began asking Plaintiff's principals why they were trying to raise money online and whether they were having financial problems; and

   c. Customers believed that "Skiology Matt" was a moniker being used by the son of one of Plaintiff's principals, whose name is Matthew (and "Matt" for short).

24. Such complaints, questions, and misunderstandings were all caused by Defendant's unlawful use of Plaintiff's SKIOLOGY mark.

25. Plaintiff's customers, people in the trade, and the public in general are likely to be confused, mistaken or deceived as to the origin, affiliation, endorsement or sponsorship of the Defendant's goods and services, and misled into believing that such goods and services are produced, offered or sold by, or emanate from, or are in some way associated with Plaintiff, to the damage and detriment of Plaintiff, its goodwill, and reputation.

26. Upon information and belief, blogs and social media accounts began to criticize Defendant, accusing him of, among other things, plagiarism, "lifting images" from an online government weather-modeling service, and contacting his detractors' friends, employers, and organizations they participate in, claiming he was being "harassed."

27. Upon information and belief, the Facebook group, "NE Clownology" (now "NE Skidology (aka Banned by Bozo))" was created specifically to criticize Defendant, and included as participants pro skiers, senior ski patrollers, ski guides, medical professionals, professional weather forecasters and the editors of the East's two largest print ski publications.

28. Defendant is and has been on actual notice of Plaintiff's prior rights in the SKIOLOGY mark because: (a) he passed Plaintiff's store with its prominent signs on his way to Killington to snowboard; and (b) according to third parties, he was aware of Plaintiff's store prior to misappropriating Plaintiff's SKIOLOGY mark for his own purposes.

29. Defendant, despite being on constructive notice and actual notice of Plaintiff's prior rights in Plaintiff's SKIOLOGY mark, Defendant has, within the State of Vermont and elsewhere, continued to use the SKIOLOGY mark, to solicit and receive donations from the public and others, and to sell goods bearing the Infringing Mark.

## AS AND FOR A FIRST CAUSE OF ACTION
### Trademark Infringement, False Designation of Origin, Unfair Competition
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

30. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendant's conduct complained of herein constitutes the use of symbols or devices that falsely describe Defendant's goods and services within the meaning of 15 U.S.C. §1125(a)(1).

32. Defendant's use of the Infringing Mark is causing, and is likely to continue to cause, confusion, mistake, or deception by or in the public and persons in the trade as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's and Plaintiff's goods and services, to the detriment of Plaintiff and in violation of 15 U.S.C. §1125(a)(1).

33. Defendant's conduct was undertaken willfully and in reckless disregard of Plaintiff's prior rights in the SKIOLOGY mark.

34. Defendant's conduct has damaged Plaintiff's business reputation and goodwill.

35. Defendant's conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

36. Defendant's conduct has caused and, unless enjoined, will continue to cause inevitable confusion in the trade and on the part of the public, for which there is no adequate remedy at law.

37. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendant from his use of Plaintiff's SKIOLOGY mark.

39.     Defendant's trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendant's profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

40.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all banners, web pages, social media accounts, goods, advertisements, and other items, tangible and intangible, that bear the Infringing Mark and are in the possession or under the control of Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
### Common Law Unfair Competition and False Designation of Origin

41.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42.     Plaintiff has expended substantial time, resources, and effort to develop and obtain an excellent reputation and goodwill for itself and its SKIOLOGY mark.

43.     Defendant has knowingly and willfully stolen that mark in reckless disregard of Plaintiff's goodwill, simply because Defendant liked the mark and wanted to use it for his own pecuniary and personal gain.

44.     Defendant's unlawful adoption and use of Plaintiff's SKIOLOGY mark is deceiving

and misleading, and will continue to deceive and mislead, persons in the trade and members of the public into believing that Defendant's goods and services originated or were authorized by Plaintiff.

45. Defendant's unlawful adoption and use of Plaintiff's SKIOLOGY mark has caused and is likely to continue to cause confusion as to origin, affiliation, endorsement, or sponsorship of Defendant's goods and services, all to Plaintiff's detriment.

46. Upon information and belief, Defendant has obtained gains, profits, and advantages as a result of his impermissible and unlawful use of Plaintiff's SKIOLOGY mark in an amount not yet determined or ascertainable.

47. Defendant's acts as alleged in this Complaint constitute unfair competition and will, unless enjoined by this Court, result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in its SKIOLOGY mark, and (b) the unjust enrichment of Defendant.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d)(1)(A))

48. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Plaintiff's SKIOLOGY mark was distinctive at the time Defendant obtained ownership of the Infringing Domain and registered it in his name.

50. The Infringing Domain is identical to Plaintiff's SKIOLOGY mark.

51. Defendant had and continues to have a bad faith intent to profit from the use of Plaintiff's mark.

52.     Accordingly, Plaintiff seeks an order from the Court requiring Defendant to forfeit the Infringing Domain and transfer it to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant, granting Plaintiff the following relief:

(a)     A permanent injunction prohibiting Defendant from (1) using SKIOLOGY or a confusingly similar name (including but not limited to "Skiology Matt") whether on social media or anywhere else; and (2) engaging in any other act that constitutes trademark infringement or unfair competition in violation of Plaintiff's rights;

(b)     An Order requiring Defendant to relinquish use of the Infringing Domain and transfer same to Plaintiff;

(c)     Requiring Defendant to take such action as may be directed by the Court for the purpose of alleviating or remedying actual confusion among consumers caused by Defendant's conduct complained of herein;

(d)     Ordering Defendant to account to Plaintiff for all of his revenues, offset only by those expenses legitimately incurred, and proven to have been incurred by Defendant by reason of his misappropriation of the Plaintiff's SKIOLOGY mark;

(e)     Pursuant to 15 U.S.C. § 1117, awarding Plaintiff the greater of three times Defendant's profits or three times any damages sustained by Plaintiff, whichever is greater;

(f)     Pursuant to 15 U.S.C. § 1117, awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(g) Pursuant to 15 U.S.C. § 1118, ordering the destruction of all banners, web pages, social media accounts, goods, advertisements, and other items, tangible and intangible, that bear the Infringing Mark and are in the possession or under the control of Defendant;

(h) Awarding Plaintiff both pre-judgment and post-judgment interest on any monies to be paid by Defendant;

(i) Awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action; and

(j) Awarding such other and further relief as the Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 25, 2023

Respectfully submitted:

GORDON E. R. TROY, PC

By: _____
Gordon E. R. Troy

*Attorneys for Plaintiff Skiology, LLC*